IN THE SUPREME COURT OF THE STATE OF DELAWARE

GEORGE P. JOHNSON, §
§ No. 267, 2015
Defendant Below, §
Appellant, § Court Below—Superior Court
§ of the State of Delaware in and
v. § for Kent County
§
STATE OF DELAWARE, § Cr. ID No. 0706025356
§
Plaintiff Below, §
Appellee. §

Submitted: August 19, 2015
Decided: November 2, 2015

Before **STRINE**, Chief Justice; **HOLLAND**, and **SEITZ**, Justices.

**O R D E R**

This 2nd day of November 2015, upon consideration of the appellant's opening brief, the appellee's motion to affirm, and the Superior Court record, it appears to the Court that:

(1) The appellant, George P. Johnson, filed this appeal from the Superior Court's denial of his second motion for postconviction relief under Superior Court Criminal Rule 61. The State of Delaware has filed a motion to affirm the Superior Court's judgment on the ground that it is manifest on the face of Johnson's opening brief that the appeal is without merit. We agree and affirm.

(2) On April 10, 2008, after a two-day jury trial, Johnson was convicted of Delivery of Cocaine to a Minor, Delivery of Cocaine within 300 Feet of a Park, and Trespass in the Third Degree. The jury acquitted Johnson of Endangering the Welfare of a Child. The Superior Court sentenced Johnson to a total of twenty years at Level V, suspended after ten years mandatory for three years at the Level IV Crest Program, which would in turn be suspended after successful completion for two years of Level III probation.

(3) The record reflects that the alleged sale of cocaine took place during the afternoon of June 20, 2007, in front of the Liberty Court Apartments in Dover, Delaware. Two Dover police officers, who had conducted surveillance in the area that day, testified that they witnessed the drug sale from a concealed location, aided by high-powered binoculars, and that Johnson was the seller. Both officers testified that their view of the transaction was clear and unobstructed.

(4) On direct appeal, Johnson's counsel filed a no merit brief under Supreme Court Rule 26(c). Johnson then supplemented the brief with claims that there was insufficient evidence to support his convictions, that the prosecutor misled the jury, and that one of the jurors was biased. By

2

Order dated September 19, 2008, the Court rejected Johnson's claims and affirmed the Superior Court's judgment.[1]

(5)  Johnson filed his first motion for postconviction relief in December 2009.  Johnson claimed that his conviction for Delivery of Cocaine to a Minor was inconsistent with his acquittal for Endangering the Welfare of a Child.  Also, Johnson claimed that the prosecutor infringed on his right not to testify and expressed a personal opinion that Johnson was guilty.  Johnson alleged that his right to effective assistance of counsel was violated because his trial counsel failed to raise these claims at trial or on direct appeal.

(6)  By order dated March 12, 2009, the Superior Court summarily dismissed Johnson's first postconviction motion as "completely conclusory," after finding that Johnson had "failed to support his claims with facts."[2]  On appeal, this Court affirmed the Superior Court's judgment, after determining that Johnson's claims were procedurally barred under Rule 61.[3]

(7)  In his second motion for postconviction relief, filed on April 23, 2014, Johnson claimed that the police officers committed perjury when they testified that they had a clear and unobstructed view of the alleged drug

---

[1] *Johnson v. State*, 2008 WL 4290602 (Del. Sept. 19, 2008).

[2] *State v. Johnson*, 2009 WL 638511, at *2 (Del. Super. Mar. 12, 2009).

[3] *Johnson v. State*, 2009 WL 2448237 (Del. Aug. 11, 2009).

transaction on June 20, 2007. In support of his claim, Johnson attached a written report of a private investigator Johnson retained in 2013 to take measurements and photographs of the crime scene. According to Johnson, the private investigator's April 9, 2014 findings contradicted the police officers' testimony. Also, Johnson claimed that his trial counsel was ineffective for failing to investigate the scene of the alleged transaction and to challenge the officers' testimony

(8) At the direction of the Superior Court, Johnson's trial counsel filed an affidavit responding to the allegations of ineffective assistance of counsel, and the State filed a legal memorandum responding to the postconviction motion. On September 18, 2014, Johnson filed a reply to the affidavit and response. Johnson also filed two more motions, entitled "motion to amend" and "motion for vacate conviction and sentence."

(9) Johnson's "motion to amend and "motion for vacate conviction and sentence" raised additional claims for postconviction relief based on a minor discrepancy in the weight of the cocaine seized on June 20, 2007, and on a 2014 investigation into misconduct at the Office of the Chief Medical Examiner ("OCME"). Johnson alleged that his trial counsel was ineffective for having failed to file a motion to dismiss based on the weight discrepancy of the drug evidence, and that the OCME chemist who testified at Johnson's

4

trial in 2008 was untrustworthy because the chemist had been implicated in the OCME investigation.

(10) Sometime in December 2014, the Superior Court issued a letter directing the State to file a response by January 20, 2015 to the additional claims raised by Johnson."[4] On January 22, 2015, the State made an out-of-time request for a short extension of time to file the response, which the Superior Court granted.

(11) By order dated May 13, 2015, the Superior Court denied Johnson's second postconviction motion as amended.[5] After finding that the motion was time-barred, the Superior Court ruled that Johnson's perjury claims were procedurally defaulted for Johnson's failure to raise them in an earlier proceeding.[6] Also, the Superior Court found that Johnson had not demonstrated that the motion or claims were exempt from the applicable procedural bars.[7] The Superior Court analyzed Johnson's ineffective assistance of counsel claims under *Strickland v. Washington*[8] and concluded

---

[4] Although both parties reference the January 20 deadline for the State's response, the Court notes that the Superior Court's letter establishing the deadline was not docketed and does not appear in the record.

[5] *State v. Johnson*, 2015 WL 2415526 (Del. Super. May 13, 2015).

[6] *Id.*, at *2.

[7] *Id.*

[8] *Strickland v. Washington*, 466 U.S. 668 (1984) (establishing two-part test for proving ineffective assistance of counsel).

that the claims were without merit.[9]  Also, when considering the additional claims concerning the weight discrepancy of the drug evidence and the reliability of the OCME chemist's testimony, the Superior Court found that the two-hundredths of a gram discrepancy was "inconsequential," and that Johnson had "not set forth sufficient evidence to show that [the chemist's] testimony was untrustworthy" and had not convinced the court "that his case falls within the universe of cases affected by the mismanagement and alleged criminal conduct within the OCME."[10]

(12)   On appeal, Johnson raises the same claims that he raised in the postconviction proceedings and an additional claim that the Superior Court abused its discretion when it granted the State an extension of time to file the response due on January 20, 2015.  This Court reviews the denial of postconviction relief for abuse of discretion and questions of law *de novo*.[11]

(13)   Having carefully considered the parties' positions on appeal and the record of the postconviction and trial proceedings, we find it manifest that the judgment should be affirmed on the basis of the Superior Court's well-reasoned order dated May 13, 2015.  The Court concludes that the Superior Court did not err when determining that Johnson's second motion

---

[9] *State v. Johnson*, 2015 WL 2415526, at **2, 3 (Del. Super. May 13, 2015).

[10] *Id.*, at *3.

[11] *Dawson v. State*, 673 A.2d 1186, 1190 (Del. 1996).

for postconviction relief was untimely filed, and that the claims raised by Johnson were both procedurally defaulted and without merit. Contrary to Johnson's claim, the private investigator's written report does not exonerate Johnson and is of little to no probative value. Moreover, the Superior Court did not abuse its discretion when it granted the State an extension of time to file the response that was due on January 20, 2015.[12]

NOW, THEREFORE, IT IS ORDERED that the motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[12] *Secrest v. State,* 679 A.2d 58, 64 (Del.1996) ("Requests for continuances 'are left to the discretion of a trial judge whose ruling will not be disturbed on appeal unless that ruling is clearly unreasonable or capricious.'" (quoting *Bailey v. State,* 521 A.2d 1069, 1088 (Del. 1987))).